JOHN B. OWSLEY, ET AL., *v.* LAURA B. MONTGOMERY, ET AL.

**Married Woman's Contracts—Infancy.**

The rule that an infant cannot reclaim property, without returning the money for which it was sold, does not apply to a married woman.

APPEAL FROM LINCOLN CIRCUIT COURT.

June 20, 1878.

OPINION BY JUDGE LINDSAY:

The proof does not show that Mrs. Montgomery practiced any deception or made any false statements with regard to her age at the time she conveyed to Owens, nor does it show that the latter made any fraudulent or improper agreement with either Mrs. Montgomery or her husband touching the sale of the notes given for the purchase price of the land.

Mrs. Montgomery had the right to have the deed canceled, and as Owsley was guilty of no actual fraud he has the correlative right of having his notes declared void and non-enforceable.

The appellants have no claim against Mrs. Montgomery or her land. She was both an infant and a married woman when the notes were sold. She did not receive in person nor control the monies received for them, as she would have done if she had been discovert. The rule that an infant cannot reclaim property, without returning the money for which it was sold, does not apply to a married woman. The claim of the appellants is against the husband and not against the wife.

The judgment of the court below, touching the rents of the land for three years, is the utmost relief that could be given the appellants under the law of the case, and it must be *affirmed*.

*H. T. Harris, Saufley & Warren, for appellants.*

*Durham & Jacobs, for appellees.*